[No. 489.   Decided September 17, 1892.]

N. H. BRASEN, *Respondent,* v. SEATTLE, LAKE SHORE &
EASTERN RAILWAY, *Appellant.*

RAILROAD COMPANIES—DAMAGE BY FIRE—INSTRUCTIONS—WEIGHT OF EVI-
DENCE.

Where the jury specially find that plaintiff's property was de-
stroyed by fire communicated from one of defednant's engines
which had a defective spark arrester, an instruction cannot be held
prejudicial which charged the jury that "even if the fire did not
originally escape from the defendant's locomotive, but was started
by some other person, but on defendant's right-of-way, and there
continued to burn for such length of time that defendant either
knew, or by ordinary care and diligence should have known, and
such fire thereafter escaped to the premises of plaintiff and burned
his property without his fault or negligence, the defendant would
be liable for its loss, unless you find that the defendant took proper
steps to prevent the fire from escaping."

Where there is sufficient legal testimony to support the verdict of a jury awarding damages, the verdict will not be disturbed in the supreme court.

*Appeal from Superior Court, King County.*

*Mitchell, Ashton & Chapman,* and *Andrew F. Burleigh,* for appellant.

*Thompson, Edsen & Humphries,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—It seems to us that many of the points raised by appellant's brief and argued at length therein are not pertinent to this case. Strenuous objection is made to the following portion of the judge's instructions:

"If you should find that there was no negligence in suffering the fire to so escape from the engine, but that there was negligence of the defendant in permitting the fire to escape from the right-of-way, whereby plaintiff's property was destroyed, without any fault or negligence on plaintiff's part, the defendant would be liable. *Even if the fire did not originally escape from the defendant's locomotive, but was started by some other person,* but on defendant's right-of-way, and there continued to burn for such length of time that defendant either knew, or by ordinary care and diligence should have known, and such fire thereafter escaped to the premises of the plaintiff and burned his property without his fault or negligence, the defendant would be liable for its loss, unless you find that the defendant took proper steps to prevent the fire from escaping."

And it is argued that this was in effect instructing the jury that the company was liable at all events for all fires originating on its right-of-way, though neither the company nor its employes had anything to do with their origin, and that the jury was thereby misled to the detriment of the defendant. Even though this question did not express the law correctly (a question upon which we do not now

express an opinion), the jury could in no way have been misled by it, for, according to their special finding in answer to interrogatory number one, the fire *was* occasioned by sparks from engine number six, and the jury would have no occasion to investigate or consider a case where the fire was started by some other person, for such a case was not before them according to *their* view of the testimony; and if the instruction were erroneous, it was plainly error without prejudice.

And so with nearly all the other objections raised by the appellant, the special findings of the jury destroyed their force. They found especially that there was a fire which destroyed the property of the plaintiff, and that sparks from engine number six was the cause or origin of the fire; that said engine number six had a defective spark arrester; that defendant was negligent in not having a proper spark arrester on engine number six; that defendant was negligent in not putting the fire out while on its right-of-way'; and that by reason of such negligence plaintiff suffered damage in the sum of $2,656.

There is not much use to talk about "presumptions of negligence" when the jury, by special verdict, find negligence, and recite the acts constituting such negligence. It seems plain that the only inquiry is, were these special findings justified by the evidence? We have examined the testimony throughout, and, without particularizing, are of the opinion that there was sufficient testimony to warrant the special findings.

On the proposition that the verdict was excessive, it is contended by the appellant that valuable and trustworthy evidence was introduced by the defendant, but that the jury disregarded this evidence entirely, and accepted without question the estimates of the respondent, to the greater part of which he alone testified. The law, for reasons unnecessary to enumerate, makes the jurors the judges of the

credibility of the witnesses, and without that province is evidently abused, an appellant court will not be justified in disturbing the verdict. In this case the jury evidently thought that the owner of the property destroyed was the best judge of its value. His credibility was not impeached, and they evidently believed him, and, exercising the discretion which the law gave them, from all the testimony in the case determined what was "valuable" and "trustworthy," and rendered their verdict accordingly; and while this court might conclude from the testimony presented that the damage was not so great as found, yet there is sufficient legal testimony to support the verdict, and it must therefore be sustained.

The judgment is affirmed.

ANDERS, C. J., and STILES, SCOTT and HOYT, JJ., concur.